■ OSBERT ANDOH, Plaintiff, v VINCENT MILANO et al., Defendants. PENSKE TRUCK LEASING Co., L.P., Third-Party Plaintiff-Respondent, v POLICE ATHLETIC LEAGUE, INC., et al., Third-Party Defendants-Appellants. [783 NYS2d 25]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered September 18, 2003, which, in a third-party action involving insurance coverage of a leased truck, upon the parties' respective motions for summary judgment, inter alia, declared that the lessee's policy is primary and the lessor's policy is excess, unanimously affirmed, with costs.

The lessee's $1 million policy plainly states that it is primary insurance for any vehicles leased by the named insured, i.e., the lessee, from the additional insured, i.e., the lessor. In contrast, the lessor's policy, which insures the lessor for $1 million and the lessee in the "step-down" amount of $10,000, plainly states that it is to be excess of any other collectible insurance obtained for the lessor's benefit pursuant to a lease agreement. Thus, the plain terms of the two policies show a clear intent that the lessee's policy is to be primary (*see State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 373 [1985]). Since the lessee's policy is primary, the lessor's insurer is not responsible even for the

$10,000 step-down amount. The lessor is not relying on the indemnification clause, which, if invoked, would require the lessor's payment of the statutory minimum (*see ELRAC, Inc. v Ward*, 96 NY2d 58 [2001]). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Williams and Catterson, JJ.